UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD L. SPEARS,

               Petitioner,                     Case No. 20-cv-13392
                                              Hon. Matthew F. Leitman

v.

JONATHAN HEMINGWAY,

               Respondent.

_____/

## ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) AND (2) GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS

Petitioner Richard L. Spears is an inmate at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"). On December 19, 2020, Spears filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.) He challenges a prison disciplinary proceeding that resulted in the loss of good conduct credits, the loss of certain privileges, and the imposition of a fine. The Federal Bureau of Prisons (the "BOP"), however, complied with the minimum requirements for due process, and there was some evidence to support the findings of the BOP's disciplinary hearing officer (the "DHO"). The Court therefore **DENIES** Spears' petition.

# I

## A

On September 29, 2016, United States District Judge Terrence G. Berg sentenced Spears to 108 months (nine years) in prison for possession of a stolen firearm in violation of 18 U.S.C. § 922(g). (*See* Public Information Inmate Data, ECF No. 8-2, PageID.38.)  Spears' projected release date is August 30, 2023. (*See id*.)

On January 25, 2020, while Spears was serving his sentence at FCI-Milan, corrections officer T. Churchill searched the prison cell occupied by Spears and Spears' cellmate.  Churchill found an eight-inch metal object, which had been sharpened to a point, underneath Spears' locker. (*See* Incident Rpt., ECF No. 8-3, PageID.40.)  Churchill then filed an incident report in which he charged Spears with possession of a weapon. (*See id.*)

Acting Lieutenant M. Cordero interviewed Spears on February 11, 2020. Cordero advised Spears of his rights, and Spears acknowledged that he understood those rights.  After Spears read the incident report, Cordero asked Spears whether he wanted to provide a statement. (*See id.*, PageID.41.)  Spears insisted that the weapon was not his.  He said: "Rewind the camera, it was either planted or had already been there.  It was in a common area.  We're trying to go home."  (*Id*.) Cordero concluded that the charge was accurate as written and forwarded the

incident report to the Unit Disciplinary Committee (the "UDC") or the DHO for further disposition. (*See id*.)

The UDC held a hearing on the charge against Spears on February 14, 2020. At the hearing, Spears' defended himself by saying, that the weapon "wasn't ours, I don't know anything about it." (*Id*., PageID.40.)  The UDC referred the charge to the DHO for a second hearing and recommended sanctions consisting of 41 days loss of good conduct time and 90 days loss of visits, use of the phone, and commissary privileges. (*See id*.)  The UDC also referred the matter to Federal Bureau of Investigation (the "FBI"), but the FBI declined to act on the matter. (*See* Referral of an Inmate Criminal Matter for Investigation, ECF No. 8-4, PageID.44.)

On February 25, 2020, the DHO held a hearing on the charge against Spears. (*See* DHO Rpt., ECF No. 8-7.)  At that hearing, Spears again insisted that he had been set up and that other inmates had planted the weapon in a common area of his cell.  Nonetheless, the DHO concluded that Spears had committed the act as charged. (*See id*., PageID.48.)  In reaching that conclusion, the DHO considered the incident report, the chain of custody, a photo of the sharpened piece of metal, and Spears' statements to the investigator, the UDC, and the DHO. (*See id*., PageID.49.)  The DHO was unable to review a videotape of Spears' cell because Spears failed to provide a start and end date for viewing. (*See id*.)  The DHO pointed out in her report that the weapon was found under a locker, which was considered a common area,

3

and that inmates were responsible for all contraband found in the common area of their cell. (*See id*.)  The DHO therefore concluded that Spears committed the prohibited act. (*See id.*)

The DHO then imposed the following sanctions: 41 days disallowance of good conduct time, 90 days loss of commissary and phone privileges, and a fine of $500.00. (*See id*.)  The DHO explained her reasons for the sanctions as follows:  the possession and manufacture of a weapon in a correctional institution is prohibited by federal law; an inmate's possession of any type of weapon threatens the health, safety, and welfare of the inmate involved, other inmates, and staff; Spears' punishment would deter other inmates from engaging in similar behavior in the future; and the punishment reflected the seriousness of possessing a weapon within a federal facility. (*See id*.)

Spears appealed the DHO's decision to a Regional Director for the BOP.  The Reginal Director denied the appeal in part because Spears had failed to provide specific information to prove his defense that the weapon was planted or was already under his locker.  The Regional Director determined that, although Spears continued to deny the charge, the DHO had sufficiently explained why the evidence supported the conclusion that Spears had committed the prohibited act.  The Regional Director also concluded that the discipline process was conducted in accordance with the

BOP's Program Statement on Inmate Discipline. (*See* Regional Administrative Remedy Appeal, ECF No. 8-8, PageID.52.)

Spears then appealed the Regional Director's decision to the Office of National Inmate Appeals.  The National Administrator upheld the Regional Administrator's decision and explained that the DHO's decision was reasonable and supported by the evidence.  The National Administrator also determined that Spears' due process rights were upheld during the disciplinary proceeding and that the sanctions imposed were commensurate with the severity of the offense. (*See id*. at PageID.54.)

## B

Spears filed his current habeas petition on December 19, 2020.[1] (*See* Pet., ECF No. 1.)  He alleges that the incident report impinged on his liberty interests, the fine was excessive, and the DHO discriminated against him.  (*See id.*, PageID.2.)  Spears further asserts that he was punished for possessing the weapon even though the weapon was found under, not in, his locker; that his locker was located in a common area and connected to his cellmate's locker; and that his cellmate took responsibility for the weapon. (*See id*.)

---

[1]  Spears labeled his pleading a "Motion for Writ of Habeas Corpus Pursuant to 18 (*sic*) U.S.C. § 2241." (*See* ECF No. 1, PageID.1.)  The Court construes the document as a habeas petition under 28 U.S.C. § 2241.

Spears also contends that the DHO violated his right to due process by ignoring the "common sense doctrine" that a non-violent drug offender like him would have no reason to possess a weapon in a low-security level prison like FCI-Milan. (*Id*.)  Spears maintains that his cellmate, on the other hand, had reason to be in possession of a weapon because his cellmate is a gang member with a violent history. (*See id.*)

Finally, Spears claims that the DHO is a Caucasian woman, who has a history of racial bias. (*See id*.)  He asks the Court to reverse the DHO's sanctions, which he claims are inconsistent with substantive and procedural due process. (*See id.*, PageID.3.)

The Government responds that the Court should deny Spears' petition because he had an affirmative responsibility to keep his entire cell free from contraband, even if he shared the cell with another inmate. (*See* Resp. to Pet., ECF No. 8, PageID.19.) Spears replies that the BOP did not follow the correct protocol during the disciplinary proceedings and that the issue is not about the evidence, but rather his right to due process. (*See* Spears Reply Br., ECF No. 9.)  Spears also contends that the investigative committee did not investigate anything and that he did not actually or constructively possess any contraband. (*See id*.)

## II

As described above, Spears appears to attack the disciplinary decision and the sanctions levied against on two grounds: (1) on the merits, he contends that the decision was not supported by sufficient evidence and (2) he asserts that he was not provided sufficient process during the disciplinary proceedings.  The Court will examine each ground separately.

## A

With respect to the merits of the DHO's decision, "[n]ot much evidence is required to support the action of a prison disciplinary board."  *Williams v. Bass,* 63 F.3d 483, 485 (6th Cir. 1995).  As the Supreme Court has explained,

> [t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.  Instead, due process in this context requires only that there be *some evidence* to support the findings made in the disciplinary hearing.

*Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 457 (1985) (emphasis added).

Even when a prison disciplinary board revokes good conduct credits, "the requirements of due process are satisfied if some evidence supports the decision." *Id*. at 455.  The findings of a disciplinary board must be upheld unless the record is "devoid of evidence," "without support or otherwise arbitrary," or "so lacking in evidentiary support as to violate due process." *Id*. at 457.  "The relevant question is

7

whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added).

The evidence that the weapon was found in the cell that Spears shared with his one cellmate was sufficient to find that he constructively possessed the weapon. As the United States Court of Appeals for the Third Circuit has explained:

> Because each prisoner in a shared cell has an affirmative responsibility to keep the entire cell, and all other space accessible from within the cell, free from contraband, it follows that any contraband found within the cell is constructively possessed by each of the inmates housed in that cell. Thus, the mere discovery of contraband in a shared cell constitutes "some evidence" that each prisoner in that cell possessed the contraband.

*Denny v. Schultz*, 708 F.3d 140, 146 (3d Cir. 2013).

Spears counters that he should not have been held responsible for the weapon because his cellmate took responsibility for it. However, even if his cellmate had taken responsibility for the weapon, that would not have precluded the DHO's finding of constructive possession because Spears would still have had control over the area where the weapon was located. *See Flannagan v. Tamez*, 368 F. App'x 586, 588 n.5 (5th Cir. 2010) (explaining that "even if we were to adopt the factual finding that one of the other five inmates placed the contraband in the wall next to [the petitioner's] bunk bed, that would not preclude the DHO's finding of constructive possession, since [the petitioner] would still have [had] 'dominion[ ] or control over

the ... the premises in which the contraband is located.'") (quoting *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992)).

The Court concludes that because a weapon was found the cell that Spears shared with his one roommate, there was some evidence that he possessed or constructively possessed the weapon. Therefore, because there was some evidence to support the DHO's decision, the Court declines to disturb her ruling or sanctions.

**B**

The Court next turns to the procedural component of Spears' claim. The minimum requirements of procedural due process in prison disciplinary matters are (1) written notice of the charge at least twenty-four hours before a hearing on the charge, (2) an opportunity to call witnesses and to present documentary evidence at the hearing when doing so will not be unduly hazardous, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

The disciplinary incident at issue here occurred at 6:30 p.m. on January 25, 2020. (*See* Incident Report, ECF No. 8-3, PageID.40.) An incident report was then drafted, and it was delivered to Spears on the same day at 7:57 p.m. (*See id*.) On February 11, 2020, Cordero interviewed Spears, Spears read the incident report, and Cordero advised Spears of his rights. (*See id.*, PageID.41.) Spears did not request any witnesses. (*See id*.)

9

On February 14, 2020, Spears had a hearing before the UDC.  He was also given notice of the disciplinary hearing before the DHO (*See* Notice of Discipline Hearing Before the DHO, ECF No. 8-5) and notice of his rights at the hearing before the DHO (*see* Inmate Rights at Discipline Hearing, ECF No. 8-6).  Spears declined to have witnesses or a staff representative present at the hearing before the DHO. (*See* Notice of Discipline Hearing, ECF No. 8-5.)

Eleven days later, on February 25, 2020, the DHO held a hearing. (*See* DHO Rpt., ECF No. 8-7, PageID.48-50.)  Finally, on March 4, 2020, a staff member delivered the DHO's written report to Spears. (*See id*. at PageID.50.)

To summarize, Spears received written notice of the charge more than twenty-four hours before any disciplinary hearings.  He had an opportunity to call witnesses and to present documentary evidence at the hearing, but he declined to do so.  Finally, he received a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken.  All the minimum requirements of due process were satisfied.

Spears counters that the process he received was inadequate because the DHO has a history of racial bias.  But nothing in the record supports Spears' conclusory allegation of bias.  Therefore, Spears' contention that his procedural due process rights were violated lacks merit.

Finally, Spears' substantive due process claim also lacks merit because he has not shown that the DHO's decision was arbitrary, capricious, an abuse of discretion, or unlawful under 5 U.S.C. § 706(2)(A).

### III

For all of the reasons stated above, the Court **DENIES** Spears' petition (ECF No. 1.) However, the Court **GRANTS** Spears permission to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Spears is not required to move for a certificate of appealability because the statute governing certificates of appealability "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 27, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

11